# IN THE COURT OF APPEALS OF IOWA

No. 21-0465
Filed January 27, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEROME MOYER, III,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Madison County, Terry Rickers, Judge.

Jerome Moyer, III, appeals his conviction for murder in the first degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

A jury found Jerome Moyer III, guilty of murder in the first degree[1] after he went to his ex-girlfriend's house and shot her in the neck and chest with a shotgun at close range. In finding him guilty, the jury rejected Moyer's intoxication defense. On appeal, Moyer claims he is entitled to a new trial because the district court improperly allowed evidence of statements he made soon after the shooting to friends, relatives, and law enforcement officers. In those statements, Moyer expressed the belief that he was going to be incarcerated for the rest of his life because of what he had done. Moyer claims such statements should not have been admitted into evidence because they were irrelevant[2] and, if they were relevant, any relevance was substantially outweighed by the danger of unfair prejudice.[3]

---

[1] *See* Iowa Code §§ 707.1 (2019) (defining murder as "kill[ing] another person with malice aforethought"), 707.2(1)(a) (defining murder in the first degree as committing murder "willfully, deliberately, and with premeditation").

[2] *See* Iowa Rs. Evid. 5.401 (defining evidence as relevant if "[i]t has a tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action"), 5.402 ("Irrelevant evidence is not admissible.").

[3] *See* Iowa R. Evid. 5.403 (permitting exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Although Moyer's brief mentions needless presentation of cumulative evidence as a ground for excluding his statements, this was not one of the grounds for excluding the evidence that Moyer urged at trial. As a result, he cannot raise this ground on appeal. *See State v. Taylor*, 310 N.W.2d 174, 177 (Iowa 1981) ("Every ground of exception [to the admission of evidence] that is not particularly specified is considered abandoned. A party cannot announce one reason for an objection at trial and on appeal rely on a different one to challenge an adverse ruling." (citation omitted)). We limit our discussion to the ground he raised at trial and on appeal—unfair prejudice.

We review district court rulings on the admission of evidence for an abuse of discretion.[4] An abuse of discretion occurs when the evidentiary ruling is "clearly untenable or clearly unreasonable."[5] Applying the abuse-of-discretion standard involves "giv[ing] a great deal of leeway to the trial judge who must make [a] judgment call."[6]

Moyer claims the district court abused its discretion in admitting his statements referencing his length of incarceration because they were irrelevant, admission was unfairly prejudicial, and the State had secured a pretrial order in limine prohibiting the defense from referring to "[t]he penalty or punishment for the offense charged." We address these contentions in turn.

In support of his claim that his statements were irrelevant, Moyer relies on *State v. Hanes.*[7] In *Hanes*, our supreme court found it improper to give a jury instruction addressing punishment for the crime charged.[8] In reaching this conclusion, the supreme court noted that "[i]t is well-settled that juries should not be instructed regarding the statutory penalty for the charged offenses" because the trial's sole purpose is to seek the truth and "[p]enalties have nothing to do with the factual determination that a defendant did or did not commit a crime."[9] It also

---

[4] *State v. Zacarias*, 958 N.W.2d 573, 580 (Iowa 2021).

[5] *State v. Donahue*, 957 N.W.2d 1, 6 (Iowa 2021) (quoting *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017)).

[6] *State v. Richards*, 879 N.W.2d 140, 145 (Iowa 2016) (second alteration in original) (quoting *State v. Newell*, 710 N.W.2d 6, 20–21 (Iowa 2006)).

[7] 790 N.W.2d 545 (Iowa 2010).

[8] *Id.* at 549–52.

[9] *Id.* at 549 (alteration in original) (quoting *State v. Hatter*, 381 N.W.2d 370, 375 (Iowa Ct. App. 1985)).

observed that "[k]nowledge of the penalty would only serve to confuse and distract the jury from its unique and important judicial function."[10]

*Hanes* does not dictate the outcome here because it is distinguishable. Unlike *Hanes*, the district court did not instruct the jury about potential punishment. In fact, the court gave a stock jury instruction that stated, "The duty of the jury is to determine if the defendant is guilty or not guilty. In the event of a guilty verdict, you have nothing to do with punishment."[11] There is a critical difference between instructing the jury as to what punishment will be imposed upon conviction, as in *Hanes*, and what occurred here. Here, the challenged evidence consisted of Moyer's stated belief as a layperson as to the consequences of his actions. There was no evidence, argument, or jury instruction that would have informed jurors that the actual punishment for murder in the first degree is incarceration for life without possibility of parole. There was also no evidence, argument, or jury instruction about punishment for any of the lesser-included offenses. For these reasons, this case differs from *Hanes*.

The district court's decision that Moyer's statements were relevant was not clearly untenable or clearly unreasonable. To convict Moyer of murder in the first degree, the State was required to prove that Moyer acted with malice aforethought and had the specific intent to kill.[12] Moyer's defense was that the shooting was an accident and he was too intoxicated to form the specific intent to kill. The district court reasonably concluded that Moyer's statements were relevant to help the jury

---

[10] *Id.* (quoting *Hatter*, 381 N.W.2d at 375).
[11] *See* Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 100.13 (June 2020).
[12] *See State v. Serrato*, 787 N.W.2d 462, 469 (Iowa 2010).

resolve the factual disputes surrounding Moyer's intent and his intoxication. The fact that Moyer anticipated spending the rest of his life incarcerated because of what he did sheds some light on his state of mind at the time of the killing. The jury could reasonably conclude that he anticipated a life sentence because he intended to kill the victim and not because he shot her by accident or while he was too intoxicated to be able to form a specific intent to kill. Our court[13] and courts in other jurisdictions[14] have recognized the probative value of such admissions. We find no abuse of discretion in the district court's determination that Moyer's statements were relevant.

We also find no abuse of discretion in the district court's determination that the probative value of Moyer's statements was not substantially outweighed by the

---

[13] *See State v. Armsted*, No. 19-1883, 2021 WL 1016575, at *3 (Iowa Ct. App. Mar. 17, 2021) (rejecting sufficiency-of-the-evidence challenges to a murder conviction in part because of defendant's statement "if I get caught, I'll go to jail for the rest of my life"); *State v. Johnson*, No. 08-0320, 2009 WL 4842480, at *5 (Iowa Ct. App. Dec. 17, 2009) (finding no prejudice from alleged ineffective assistance of counsel because evidence of guilt was overwhelming in part because of defendant's statement after the killing, "It's over. She was f'ing him. I'm going to jail, and I don't care.").

[14] *See Myers v. Neal*, 975 F.3d 611, 613 (7th Cir. 2020) (affirming conviction in spite of ineffective assistance of counsel due to strength of the prosecution's case that included "many self-incriminating statements that Myers made to many different people, like telling his grandmother that, if the police ever learned what he did, he would spend the rest of his life in jail"); *Curtis v. Virginia*, No. 7:20cv00414, 2021 WL 4807627, at *10 (W.D. Va. Oct. 14, 2021) (finding murder conviction was supported by defendant's "shocking admission that [the victim] was dead and that [defendant] would be going to jail for the rest of his life"); *People v. Serrano*, No. E073692, 2021 WL 717607, at *3, 8 (Cal. Ct. App. Feb. 24, 2021) (noting that defendant told police after the killing that he had hated prison but was going to "spend the rest of my life in there," and later concluding that his actions and "statements following the murder support a reasonable inference that defendant knew and understood that he had just killed [the victim] willfully and with premeditation and deliberation"); *State v. Baribault*, 247 A.3d 1237, 1249–50 (R.I. 2021) (finding defendant's statement "I'm f**ked . . . . [G]oing to jail for the rest of my life" probative in murder prosecution (first alteration in original)).

danger of unfair prejudice. As a result, admission of the statements did not violate Iowa Rule of Evidence 5.403. Jurors knew Moyer was charged with murder. They "didn't fall off the turnip truck and into the courtroom," so they would recognize the fact that murder is a serious charge.[15] As far as severity of charges goes, murder is one of the big ones. Jurors know murder may even be the biggest one, so having Moyer reference spending the rest of his life incarcerated could not have come as a big shock. The district court did not abuse its discretion by concluding the relevance of Moyer's recognition that he was facing such a severe punishment because of what he had done was not substantially outweighed by the danger of unfair prejudice. The danger of unfair prejudice was minimal in light of the severity of the charge in relation to Moyer's statements. Admission of Moyer's statement did not violate rule 5.403.

We also find no injustice or incongruity in the district court granting the State's motion in limine while also admitting Moyer's statements. The motion in limine was designed to avoid introduction of evidence of the actual penalty Moyer faced in order to avoid Moyer seeking improper sympathy or leniency from the jury. It did not preclude evidence of Moyer's belief that he committed a severe and intentional crime rather than a less severe, accidental shooting.

We find no abuse of discretion in the district court's decision to admit Moyer's statements, so we affirm his conviction.

**AFFIRMED.**

---

[15] *State v. Veal*, 930 N.W.2d 319, 335 (Iowa 2019).